Gregory G. Barnett, Esq. (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------------X
DEL MONTE FRESH PRODUCE INT'L INC.

          Plaintiff,

   - against -

CMA-CGM (AMERICA) INC. AND CMA-CGM S.A., *in personam*

          Defendants.
-----------------------------------------------------------------X

2007 Civ.

**VERIFIED COMPLAINT**

Plaintiff, DEL MONTE FRESH PRODUCE INT'L INC., (hereinafter "Del Monte"), by and through its attorneys, Casey & Barnett, as and for its Complaint against CMA-CGM (AMERICA) INC. and CMA-CGM S.A., *in personam* allege upon information and belief as follows:

## THE PARTIES

1.    At all material times, Del Monte was and is a corporation organized and existing by virtue of the laws of the Cayman Islands with its principle place of business located at Walker House, Mary Street, P.O. Box 908 GT, George Town, Grand Cayman, Cayman Islands and a United States Executive Office located at: c/o Del Monte Fresh Produce Company, 800 Douglas Entrance, Coral Gables, Florida. Plaintiff was and is engaged, *inter alia*, in the importation, distribution and sale of fresh fruit and vegetables, including onions, into the United States and Canada.

2.  Upon information and belief, at all times hereinafter mentioned, Defendants, CMA-CGM (AMERICA) INC. and CMA-CGM S.A.(Hereinafter "CMA-CGM" or "defendant"), was and still is a business entity duly organized and existing under the law of a foreign state and/or country, with places of business at 5701 Lake Wright Drive Norfolk, Va 23502-1868 and 4 qual d'Arenc 13235 Marseille Cedex 02 France, respectfully and who was and is now engaged in the business of common and/or private carriage of merchandise by water for hire and was the owner and/or disponent owner and/or charterer and/or manager and/or operator of the MV CANBERRA EXPRESS (hereinafter "vessel").

## JURISDICTION

3.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

4.  On or about May 12, 2006 the plaintiff and/or their representative delivered to the *in personam* defendants and the MV CANBERRA EXPRESS at the port of Christchurch, New Zealand a consignment of fresh fruit consisting of 1176 cartons of royal gala apples, owned by and/or consigned to plaintiff, in good order and condition, for carriage aboard the MV CANBERRA EXPRESS, to Philadelphia, PA. all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading which were then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the *in personam* defendants and the MV CANBERRA EXPRESS. Plaintiff refers to the said bills of lading for greater certainty as to the descriptions of the cargo, carrying

instructions and contracts of carriage which they represent and will produce the originals or copies thereof at trial.

5. Thereafter, the cargo having been loaded aboard the MV CANBERRA EXPRESS, the vessel sailed from Christchurch and discharged in Philadelphia, PA on or about May 31, 2006.

6. Upon delivery to plaintiff, it was discovered that the shipment was not in the same good order and condition as it was received by the defendants and the MV CANBERRA EXPRESS, but was instead damaged and deteriorated as a result of delay and temperature abuse during transit.

7. Due to the high temperatures that were supplied to the fruit during transit, the fruit was physically damaged to an extent that it was unfit for human consumption. As a result, Del Monte incurred lost sales and additional costs associated with the mitigation of their loss.

8. The damage to the cargo and losses sustained in mitigation were not the result of any act or omission of plaintiff but, on the contrary, was due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, charter and bailment on the part of defendants.

9. The bills of lading referred to herein and the rights and liabilities of the parties are governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1301 et seq.

10. Prior to the commencement of this action, plaintiff became the owner for value of the cargo represented by and described in the governing bills of lading. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the cargo herein referred to, as their respective interests may ultimately appear.

11. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said bills of lading.

12. By reason of the premises, plaintiff have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, but which are presently estimated at $31,000.

13. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

14. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendants.

15. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against Defendants, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

B. That since the defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order

directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are due and owing to the Defendant, in the amount of $31,000 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  The Court order, adjudge and decree that defendants, CMA-CGM (AMERICA) INC. and CMA-CGM S.A. pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

D.  That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 17, 2007

                                      Respectfully submitted,

                                      CASEY & BARNETT
                                      Attorneys for Plaintiff
                                      Del Monte Fresh Produce International, Inc.

By: _____
                                      Gregory G. Barnett (GB 3751)
                                      CASEY & BARNETT, LLC
                                      317 Madison Avenue; 21st Floor
                                      New York, NY 10017
                                      (212) 286-0225
                                      ggb@caseybarnett.com

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                    ) ss:
COUNTY OF NEW YORK   )

1. My name is Gregory G. Barnett

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

7. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

8. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated:  New York, New York
        May 17, 2007

_____
Gregory G. Barnett